**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No.: 2:22-cv-00388-APG-VCF |
| Plaintiff | **Order Granting in Part Nationstar's Motion to Dismiss and Denying SFR's Motion for Preliminary Injunction** |
| v. | |
| NATIONSTAR MORTGAGE LLC, | [ECF Nos. 5, 11] |
| Defendant | |

Plaintiff SFR Investments Pool 1, LLC filed this action in state court to stop a foreclosure sale of its property located at 116 Copper Pine Avenue in North Las Vegas. Defendant Nationstar Mortgage LLC is the current beneficiary of record on the deed of trust encumbering the property. Nationstar removed the action to this court based on diversity jurisdiction. ECF No. 1. Nationstar agreed to not foreclose until I rule on SFR's motion for preliminary injunction. ECF No. 1-6.

Nationstar moves to dismiss each of SFR's claims on various grounds. SFR opposes and moves for a preliminary injunction to block the sale. I grant Nationstar's motion, with leave for SFR to amend certain claims. I deny SFR's motion for injunctive relief because SFR is not likely to succeed on most of its claims and even where it is likely to succeed, it has not shown that an injunction is warranted.

# I. MOTION TO DISMISS (ECF No. 5)

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation*

*v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A.  NRS § 107.200 *et seq.* (Count One)**

Nevada Revised Statutes (NRS) § 107.210 provides that if an authorized person[1] requests a statement of the amount necessary to discharge the debt secured by a deed of trust, the lender must respond within 21 days setting forth:

> 1. The identity of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
> 2. The amount of money necessary to discharge the debt secured by the deed of trust on the date the statement is prepared by the beneficiary;
> 3. The information necessary to determine the amount of money required to discharge the debt on a per diem basis for a period, not to exceed 30 days, after the statement is prepared by the beneficiary; and
> 4. If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale.

Section 107.260 allows an authorized person to also request a copy of the note or deed of trust at no additional charge.  Under § 107.300(1), a deed of trust beneficiary "who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement."  Willfully is statutorily

---

[1]Nationstar does not contest that SFR is authorized to request a payoff statement. *See* NRS § 107.220(1)(a).

1  defined to mean "an intentional failure to comply with the requirements of NRS 107.200 or

2  107.210 without just cause." NRS § 107.300(3).

3        Count one of the complaint alleges that Nationstar failed to comply with NRS

4  §§ 107.210, 107.220, and 107.260 because SFR requested the required information and a copy of

5  the note but Nationstar did not respond. ECF No. 1-2 at 6-8.  SFR alleges that "[b]ecause

6  Nationstar has willfully failed to adequately respond to SFR's requests, SFR has been unable to

7  obtain the full details regarding the debt secured by the deed of trust" and is "unable to determine

8  the accurate amount necessary to discharge the debt." *Id.* at 8.  SFR also alleges that because

9  Nationstar failed to provide the note, SFR cannot determine who possesses the note or whether

10  the note includes the proper endorsements to establish ownership. *Id.*

11        Nationstar argues this claim should be dismissed with prejudice because there is no

12  private right of action for failure to provide a copy of the note under NRS § 107.260 where

13  § 107.300 provides a cause of action only for violations of §§ 107.200 and 107.210.  SFR

14  responds that there is a private right of action because the request for the note is part of the

15  request for a statement.  SFR also argues that Nationstar did not respond at all, so it has violated

16  the statute in ways other than failing to provide the note.

17        The Supreme Court of Nevada has not addressed whether an authorized requester may

18  sue a beneficiary under NRS § 107.300 for failing to provide a requested copy of the note under

19  § 107.260.  I therefore must "predict how the highest state court would decide the issue using

20  intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and

21  restatements as guidance." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th

22  Cir. 2005) (quotation omitted).

23

Under Nevada law, legislative intent "is the controlling factor" in interpreting a statute. *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) (quotation omitted).  To determine legislative intent, I begin with the statute's plain language. *Id.*  If the statute "is clear on its face," I apply it as written. *Id.* (quotation omitted).  But if "the statutory language lends itself to two or more reasonable interpretations," then I may "look to other tools such as legislative history, reason, and public policy to determine legislative intent." *Martinez Guzman v. Second Jud. Dist. Ct. in & for Washoe*, 460 P.3d 443, 447 (Nev. 2020) (en banc).

NRS § 107.300 provides a private right of action for damages against a "beneficiary who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested."  Section 107.210 allows a request for a statement.  Section 107.260 states that if an authorized requester "includes in the request for such a statement a request for a copy of the note or deed of trust, the beneficiary shall mail a copy of the note or deed of trust with the statement at no additional charge."

By the plain statutory language, there is no cause of action for failure to provide the note. The legislature created a cause of action for willfully failing to deliver the statement and specifically designated the statutory sections under which a claim could be brought.  Section 107.260 is not one of the identified sections.  Had the legislature wanted to create a cause of action for failing to provide the note, it could have included § 107.260 as one of the identified sections and referred to the failure to provide the note.  Instead, it provides a cause of action only for the failure to provide the statement under §§ 107.200 or 107.210.[2]  Because no cause of

---

[2] I do not imply a cause of action for failure to deliver the note because that would be contrary to the legislative intent, where the legislature set forth those statutory sections for which it created a claim. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008) (en banc).

4

1  action exists under § 107.300 for failure to provide the note, I dismiss this portion of SFR's

2  claim with prejudice.

3         SFR also alleges that Nationstar did not provide the payoff statement because Nationstar

4  did not respond at all to SFR's request.  Nationstar did not move to dismiss this portion of SFR's

5  claim, so it remains pending.

6         **B.  Cancellation of Written Instrument under NRS § 106.240 (Count Two)**

7         NRS § 106.240 provides:

8         The lien heretofore or hereafter created of any mortgage or deed of trust upon any
          real property, appearing of record, and not otherwise satisfied and discharged of
9         record, shall at the expiration of 10 years after the debt secured by the mortgage
          or deed of trust according to the terms thereof or any recorded written extension
10        thereof become wholly due, terminate, and it shall be conclusively presumed that
          the debt has been regularly satisfied and the lien discharged.

11

12  This section "creates a conclusive presumption that a lien on real property is extinguished ten

13  years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001),

14  *opinion reinstated on reh'g* (Jan. 31, 2001).  Count two of SFR's complaint asserts a claim for

15  cancellation of the deed of trust based on its allegation, on information and belief, that the loan

16  was accelerated in 2009 and not subsequently decelerated, and accelerated again in 2011 and not

17  subsequently decelerated, so the deed of trust was extinguished in 2019 or 2021 by operation of

18  NRS § 106.240.

19         Nationstar moves to dismiss this claim with prejudice, arguing that a recorded rescission

20  stopped the clock on the 2009 notice of default.  Nationstar also argues there was no 2011

21  acceleration and SFR cannot rely on its assumption that there must have been an unrecorded

22  letter in 2011 that accelerated the loan.  Nationstar contends that, in any event, prior litigation

23  between the parties tolled the ten-year period and that the debt was never "wholly due" within

1  NRS § 106.240's meaning.  SFR responds that the rescission's language revoked only the

2  decision to invoke the power of sale but did not decelerate the debt.  SFR also contends that an

3  unrecorded document can accelerate the loan and NRS § 106.240 is not subject to tolling.

4       The Supreme Court of Nevada has recently confirmed that a rescission like the one in this

5  case decelerates the loan for purposes of § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*,

6  507 P.3d 194, 197-98 (Nev. 2022).  Because the 2009 default was rescinded in 2010, NRS

7  § 106.240's ten-year period has not run. ECF Nos. 5-7 (2009 notice of default); 5-8 (2010

8  rescission of 2009 notice of default).  Additionally, there is no recorded notice of default in 2011.

9  Instead, SFR relies on its assumption that there was an unrecorded acceleration letter in 2011.

10 But the Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock

11 for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022

12 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).  Consequently, the deed of trust has not been

13 extinguished by operation of § 106.240 as a matter of law.  I dismiss this claim with prejudice

14 because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d

15 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court

16 may dismiss without leave where a plaintiff's proposed amendments would fail to cure the

17 pleading deficiencies and amendment would be futile.").

18      **C.  Declaratory Relief (Count Three)**

19      Count three of the complaint alleges that the deed of trust and note were split at

20 origination and, on information and belief, have not been reunited. ECF No. 1-2 at 10-11.

21 Nationstar moves to dismiss count three with prejudice as claim precluded because the parties

22 already engaged in quiet title litigation and SFR could have brought its declaratory relief claim

23 then.  Nationstar also argues that the prior litigation showed that Fannie Mae owns the note and

6

deed of trust, and that Nationstar is the beneficiary of record as Fannie Mae's servicer. Nationstar asserts that under Nevada law, it can foreclose on Fannie Mae's behalf.

SFR responds that it is not claim precluded because during the time frame when the parties were litigating previously, lenders routinely argued that SFR was not entitled to the note because the lenders were not then seeking to foreclose. Additionally, SFR notes that even if Nationstar had authority to foreclose in 2015, the same might not be true in 2022. SFR asserts that because it never received a copy of the note, there remain questions about how the note is endorsed and whether Nationstar can legally foreclose.

The prior action was in this court on federal question jurisdiction. *See Ditech Fin. LLC, et al. v. SFR Invs. Pool 1, LLC*, 2:15-cv-02381-GMN-NJK (*Ditech*). Federal common law governs the preclusive effect of a judgment issued by a federal court exercising federal question jurisdiction. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 n.6 (9th Cir. 2019). Under the federal common law, claim preclusion applies where (1) the two lawsuits involved the same claim or cause of action, (2) the prior case reached a final judgment on the merits, and (3) the two lawsuits involved identical parties or their privies. *Id.* at 1020-21. To determine whether the two suits involve the same claim or cause of action, I consider: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, there is no dispute that there is a final, valid judgment in the prior case and that the parties or their privies were parties to the prior action. SFR's claims and allegations in this case

1  arise from the same transactional nucleus of facts as those in the prior case, such that SFR could

2  have brought its current declaratory relief claim in the prior action.  Both cases involve

3  allegations about whether Fannie Mae and its servicers had an enforceable deed of trust.  In the

4  prior action, SFR challenged whether Fannie Mae had an agency relationship with its servicers

5  such that it could enforce the deed of trust. *See Ditech*, ECF No. 115.  The deed of trust

6  identified the original beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS).

7  ECF No. 5-1 at 2.  In 2012, MERS assigned the deed of trust to Bank of America, N.A. as

8  nominee for Countrywide Home Loans, Inc. ECF No. 5-2.  In 2013, Bank of America assigned

9  the deed of trust to Nationstar. ECF No. 5-3.  Both assignments took place before the prior

10 lawsuit was filed.  The cases thus would involve the same proof regarding the assignments.

11 Consequently, SFR could have challenged the assignments during that lawsuit.

12      Although federal law governs claim preclusion in this case, I note that the Supreme Court

13 of Nevada found that claim preclusion applied in circumstances similar to those present in this

14 case.[3]  In *Golden Creek Holdings, Inc. v. Nationstar Mortgage LLC*, the plaintiff's predecessor

15 filed a lawsuit against the record beneficiary of the first deed of trust "seeking an adjudication

16 that respondent could not foreclose on the deed of trust because an HOA foreclosure sale had

17 extinguished respondent's deed of trust." No. 81821, 489 P.3d 918, 2021 WL 2910689, at *1

18 (Nev. July 9, 2021).  The beneficiary prevailed in the prior action. *Id.*  Several years later, the

19 plaintiff filed another lawsuit, this time seeking a ruling that the beneficiary "could not foreclose

20 on the deed of trust because it did not possess the promissory note secured by the deed of trust."

21 *Id.*  The trial court dismissed the second suit as claim precluded, and the Supreme Court of

22

23

---

[3] The parties do not address the fact that SFR would have been the counterclaimant rather than the plaintiff in the prior action, so I do not address it either.

1 Nevada affirmed. *Id.*  The Supreme Court of Nevada noted that there was no change in factual

2 circumstances since the prior lawsuit that would call into question whether the beneficiary

3 possessed the note, and the plaintiff failed to explain why it could not have brought its claim in

4 the prior action.  As in *Golden Creek*, nothing has changed factually since before the parties

5 litigated the prior action.

6        However, unlike the plaintiff in *Golden Creek*, SFR has explained why it did not assert

7 this claim in the prior action.  SFR contends that at the time of the prior action, lenders were

8 resisting discovery requests for the notes, claiming that the notes were irrelevant to the

9 proceedings because the lenders were not seeking to foreclose, and instead sought only to

10 determine whether deeds of trust survived the homeowners associations' foreclosure sales.

11 Nationstar responds that the mere fact that Fannie Mae would have defended against the claim

12 did not excuse SFR from bringing it so that all of the parties' disputes could be resolved in one

13 action.

14        SFR's prediction that Fannie Mae would have resisted adjudication of this dispute had

15 SFR raised it in the prior action does not bar the application of claim preclusion.  SFR could

16 have raised the inconsistencies in the assignments, and if Fannie Mae argued the issue was not

17 ripe because it was not seeking to foreclose, then the prior court would have had the opportunity

18 to rule on that issue.  But SFR did not do so and instead waited to bring this second action on the

19 same facts that existed years ago.  I therefore grant Nationstar's motion to dismiss this claim

20 with prejudice as claim precluded.  Even if this claim is not precluded, SFR has not plausibly

21 alleged a factual basis for its allegations that Nationstar does not possess the note or that the deed

22 of trust was not properly assigned to Nationstar, as discussed with respect to count four.

23

### D. Cancellation of Written Instrument (Count Four)

Count four of the complaint alleges that the notice of default and notice of sale should be cancelled because the note and deed of trust were split at origination and, on information and belief, have not been reunited. ECF No. 1-2 at 10-11. SFR also alleges, on information and belief, that Nationstar does not possess the note. *Id.* SFR thus seeks to cancel the notice of default and notice of sale.

Nationstar argues that this count is also claim precluded and that there is no factual basis for this claim because Nationstar can foreclose as Fannie Mae's servicer. SFR raises the same arguments regarding claim preclusion. It also asserts that even if Nationstar had authority to foreclose in 2015, the same might not be true in 2022. SFR contends that because it never received a copy of the note, questions remain about how the note is endorsed and whether Nationstar can legally foreclose.

I decline to apply claim preclusion to count four because this count seeks to cancel a notice of default and notice of sale that post-date the prior litigation. *See* ECF No. 5-11 (notice of default recorded in October 2021); ECF No. 5-10 (notice of sale recorded January 2022); *Ditech*, ECF No. 152 (last document in the case filed on August 24, 2020). SFR could not have brought a claim in the prior action to cancel instruments that did not then exist. To the extent Nationstar is contending that issue preclusion should apply, it did not cite relevant law or argue the elements of issue preclusion.

I nevertheless dismiss this claim because SFR does not plausibly allege that Nationstar lacks the authority to foreclose. SFR has not plausibly alleged facts to show that the assignments are void, as opposed to voidable. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a borrower lacks standing to challenge a voidable assignment of the deed of trust because the

1    debtor is not a party to the assignment).  SFR also has not plausibly alleged facts that Nationstar

2    does not possess the note.  Nevada law generally presumes that the note is transferred with the

3    deed of trust. *See Jones v. U.S. Bank Nat'l Ass'n, as Tr. for TBW Mortg.-Backed Pass-Through*

4    *Certificates, Series 2006-3*, 460 P.3d 958, 961 (Nev. 2020).  SFR has not plausibly alleged the

5    assignments transferred only the deed of trust.  Nor does the complaint state any other facts that

6    would support SFR's allegation, on information and belief, that Nationstar does not possess the

7    note or does not otherwise have authority to foreclose as Fannie Mae's servicer.  I therefore

8    dismiss this claim.  However, I grant SFR leave to amend if facts exist to do so.

9        **E.  Wrongful Foreclosure and Injunctive Relief (Counts Five and Six)**

10       Nationstar argues the wrongful foreclosure claim is not ripe because it has not foreclosed

11   and that injunctive relief is a remedy, not a separate claim.  SFR concedes dismissal of these

12   counts. ECF No. 10 at 1.  I therefore grant Nationstar's motion to dismiss count five as not ripe

13   because no foreclosure has taken place, and count six because injunctive relief is a remedy, not a

14   separate cause of action.

15   **II.  MOTION FOR PRELIMINARY INJUNCTION (ECF No. 11)**

16       To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of

17   success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the

18   plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

19   U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate

20   (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of

21   hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All.*

22   *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

23

1    Because I have dismissed all but one of SFR's claims, SFR has not shown a likelihood of

2  success on those claims sufficient to support an injunction.  However, it is undisputed that SFR

3  requested a payoff statement under NRS § 107.210 and Nationstar did not respond. *See* ECF No.

4  11-1 at 65-66.  SFR thus has shown a likelihood of success on the merits of this claim.  But SFR

5  now has the payoff amount as well as the per diem interest rate. *See* ECF No. 19-8 at 2, 5-8.

6  Although SFR disputes when the payoff amount should have been calculated, it has not

7  explained why it does not have sufficient information to decide whether to pay off the loan to

8  retain its interest in the property.  If Nationstar violated the statutory requirements, then SFR

9  may be able to recover damages.  But the balance of hardships does not favor an injunction based

10  on this claim where SFR can pay the balance and request a refund or litigate any amounts it

11  contends it has overpaid.

12  **III.  CONCLUSION**

13    I THEREFORE ORDER that defendant Nationstar Mortgage LLC's motion to dismiss

14  **(ECF No. 5) is GRANTED in part** as set forth in this order.

15    I FURTHER ORDER that plaintiff SFR Investments Pool 1, LLC's motion for

16  preliminary injunction **(ECF No. 11) is DENIED**.

17    I FURTHER ORDER that by **July 1, 2022**, plaintiff SFR Investments Pool 1, LLC may

18  file an amended complaint for those claims I dismissed without prejudice if facts exist to do so.

19  If SFR does not file an amended complaint by that date, I will dismiss the remaining claims with

20  prejudice, except for the wrongful foreclose claim, which I am dismissing because it is not ripe.

21    DATED this 8th day of June, 2022.

22

23    _____
      ANDREW P. GORDON
      UNITED STATES DISTRICT JUDGE